IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:06-CR-116 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| GREGORY ALLEN,  Defendant | : : | |

**MEMORANDUM AND ORDER**

**September 21, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant Gregory Allen's ("Defendant" or "Allen") two remaining objections to the presentence report ("PSR"). (Rec. Doc. 15).

**PROCEDURAL HISTORY**:

On April 3, 2006, the Defendant pled guilty to an Information charging him with a violation of 18 U.S.C. § 4, misprison of a felony. Following the entry of the Defendant's plea, a PSR was prepared by the United States Probation Office. On August 23, 2006, a presentence conference was held before this Court with counsel for the Defendant and for the Government present. The Defendant requested and

was granted the opportunity to brief his remaining objections to the PSR, both of which relate to the Probation Officer's calculation of the Defendant's total offense level. By Order dated August 23, 2006, sentencing in this matter was scheduled for Monday, September 25, 2006.

On September 6, 2006, the Defendant filed a brief in support of his objections. (Rec. Doc. 15). The Government did not, nor was it required to, respond to the Defendant's submission. Accordingly, the Defendant's remaining objections to the PSR are ripe for our review and we shall analyze each in turn.

**FACTUAL BACKGROUND/OFFENSE CONDUCT:**

On June 22, 2005, the Defendant traveled with William Kirby ("Kirby") from Philadelphia to Winfield, Pennsylvania. Although the Defendant agreed to drive Kirby to Winfield from Philadelphia in Kirby's car, Kirby did not inform the Defendant that the purpose of the trip was to engage in a drug transaction. Kirby told Allen that the purpose of the trip was to pick up household items. (PSR, ¶ 5).

Kirby and Allen reached the informant's residence at approximately 6 a.m., whereupon the informant paid Kirby $165.00 for a quantity of crack cocaine. Kirby asked Allen to retrieve a black plastic clothing bag from within the door panel of the vehicle using a screw driver, a request to which Allen obliged. Kirby broke off a piece of crack for the informant, who then left Kirby and Allen at the

residence, telling them she was leaving to obtain $1,100.00 to pay Kirby for the drugs. (PSR, ¶6). While waiting for the informant to return, Allen learned that the primary purpose of the trip was in fact to deliver crack cocaine. Upon the informant's return to the residence, she gave the money to Kirby. Kirby asked Allen to pass the bag to the informant, and Allen passed the bag to Kirby. Kirby and Allen left the area, and were arrested shortly thereafter by investigators. (PSR, ¶ 7).

**DISCUSSION:**

The United States Sentencing Guidelines ("U.S.S.G.") sets forth the appropriate offense level calculation for a violation of 18 U.S.C. § 4 at §2X4.1(a). §2X4.1(a) provides that the base offense level for misprison of a felony is nine levels lower than the offense level for the underlying offense. The underlying offense in this case is a violation of 21 U.S.C. § 846, conspiracy to distribute 8.5 grams of cocaine base. (Rec. Doc. 1). The base offense level for the underlying offense is 26 pursuant to U.S.S.G. §2D1.1(c)(7). Accordingly, the United States Probation Officer calculated the Defendant's total offense level to be 14.[1]

    **A.**    **Mitigating Role Adjustment**

---

[1] The Defendant arrives at offense level 14 after a three-level reduction for Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1(a) and (b).

Notwithstanding the nine-level reduction received by him pursuant to §2X4.1(a), the Defendant argues that an additional reduction in offense level is warranted pursuant to U.S.S.G. §3B1.2.  §3B1.2(a)  provides for a four-level decrease in offense level if the defendant was a "minimal participant" in any criminal activity and §3B1.2(b) provides for a two-level decrease is offense level if the defendant was a "minor participant" in any criminal activity.  The section further provides that "in cases falling between (a) and (b), decrease by 3 levels."

"Minimal participant" is defined by Application Note 4 as a defendant "who [is] plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."  Application Note 4 further states that "[i]t is intended that the downward adjustment for a minimal participant will be used infrequently." "Minor participant" is defined by Application Note 5 as a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." It is important to note that Application Note 2 accompanying §2X4.1(a) provides that "[t]he adjustment from §3B1.2 (Mitigating Role) normally would not apply [for misprison of a felony] because an adjustment for reduced culpability is incorporated in the base offense level."

Our research reveals that there is no case law in the Third Circuit that speaks to the issue of whether a defendant convicted of misprison of a felony may receive an additional offense level reduction pursuant to §3B1.2. However, we find the logic of one of our sister circuits compelling in deciding this issue. In <u>United States v. Godbolt</u>, 54 F.3d 232 (5th Cir. 1995), the Fifth Circuit affirmed a district court's refusal to grant a §3B1.2 mitigating role reduction to a defendant who had pled guilty to misprison of a felony. The Fifth Circuit reasoned that the defendant's "reduced culpability for the underlying felony had already been taken into consideration" by the application of §2X4.1 and "any reduction for minimal participation should be considered with respect to the misprison offense, not the underlying offense." <u>Id</u>. at 233-234. The Fifth Circuit held that the district court did not err in refusing to examine the defendant's role in the underlying offense, "[b]ecause §2X4.1 presupposes a defendant's lack of involvement in the underlying offense, [therefore] any adjustment based on reduced culpability must be based on a mitigating role in the misprison offense." [2]

Accordingly, we find that the Defendant's argument that his "limited role and

---

[2] In <u>United States v. Hawkins</u>, 1993 U.S. App. LEXIS 16359 (8th Cir. 1993), the Eighth Circuit affirmed the district court's decision not to reduce a the defendant's offense level under §3B1.2, since her lesser culpability was already accounted for because she was charged with misprison of a felony and not the underlying drug offense.

lack of knowledge that he was involved in a drug transaction until shortly before the incident" warrants a mitigating role reduction to be a misguided one.  The Defendant's limited role and lack of knowledge in Kirby's drug transaction has already been recognized by the Government's decision to charge Allen with a violation of 18 U.S.C. § 4, rather than a substantive drug crime, and the correlating reduction granted pursuant to §2X4.1(a).  To grant the Defendant an additional two or four level reduction based on a mitigating role would essentially give him double credit for not participating in the underlying drug offense.  This is at least ill-advised, if not impermissible.  Moreover, the Defendant cannot argue that his culpability in the misprison offense was less than that of others, because he was the sole perpetrator of the misprison offense.   Accordingly we shall deny the Defendant's objection, and decline to grant any additional reductions in offense level based upon §3B1.2.

### B. Base Offense Level 26

As previously noted, the underlying offense in this case is a violation of 21 U.S.C. § 846, conspiracy to distribute 8.5 grams of cocaine base.  The base offense level for the underlying offense is 26 pursuant to U.S.S.G. §2D1.1(c)(7). The Defendant argues for a lower base offense level, based on his limited knowledge of the underlying criminal activity.

U.S.S.G. §1B1.3, Application Note 10 states that "[i]n the case of . . . misprison . . . the conduct for which the defendant is accountable includes all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant."  The Defendant argues that he can only be sentenced for a misprison offense based on drug quantities that he knew or should have known were involved.

While the Defendant may have not been aware of the purpose of his trip with Kirby until immediately prior to the drug transaction, once he removed the bag from the door panel of the vehicle Allen knew or reasonably should have known that the bag contained a quantity of drugs.  In fact, once Allen was directed by Kirby to remove a door panel from Kirby's vehicle to fetch a package, bells and whistles signaling criminal conduct either were, or *clearly* should have been, ringing in the Defendant's mind.  While the drive to Winfield, Pennsylvania from Philadelphia might not have foreshadowed any wrongdoing by Kirby, once Allen was instructed to retrieve the package from the vehicle's door panel, the hallmarks of an illicit drug transaction appeared, and the Defendant is charged with the knowledge of the underlying offense.  With this factual backdrop in view, we find that the Probation Officer's calculation of base offense level 26 to be correct and we shall overrule the Defendant's objection in this regard as well.

**CONCLUSION**:

For the aforestated reasons, we shall overrule the Defendant's objections to the PSR. We note that within this Memorandum and Order we have not addressed the Defendant's presented arguments under 18 U.S.C. § 3553(a). We are bound to do so, however we will defer a discussion of the salient factors contained in § 3553(a) until the Defendant's sentencing before this Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's objections to the PSR are OVERRULED.

s/ John E. Jones III
John E. Jones III
United States District Judge